# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| DENVER FLOYD CLEM and wife, LORETTA CLEM, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DELTA PHARMA, INC., | ) | No. 2:14-cv-01220-JPM-dkv |
| Defendant / Third-Party Plaintiff, | ) ) ) ) | JURY DEMAND |
| v. | ) ) | |
| CARE RITE, PLLC, and JOHN and/or JANE DOES 1-4, | ) ) ) | |
| Third-Party Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS

Before the court is Third-Party Defendant Care Rite, PLLC's Motion to Dismiss, filed January 19, 2015. (ECF No. 15.) For the reasons stated below, the Motion is DENIED.

**I.  BACKGROUND**

**A.  Factual Background**

This case concerns an injection of Deltalone – 40, which is alleged to have been contaminated with methicillin-susceptible staphylococcus aureus (MSSA). (Compl., ECF No. 1.) Plaintiff Denver Floyd Clem alleges that complications from the injection resulted in several invasive medical procedures and continuing damages. (Id. ¶¶ 17-23.). Care Rite, PLLC ("Care Rite") acknowledged during the Telephonic Scheduling Conference (ECF

1

No. 17) that it administered the injection at its clinic in Ripley, Tennessee. Delta Pharma, Inc. ("Delta Pharma") admits that it synthesized the drug that was injected, but asserts that it was sterile at the time that it was shipped. (Answer, ECF No. 8.) Delta Pharma alleges that Third-Party Defendants are wholly liable for the injuries alleged by Plaintiffs, and that Delta Pharma is entitled to full indemnity for any judgment that may be rendered in favor of Plaintiffs. (3d Party Compl., ECF No. 9.)

**B. Procedural Background**

Plaintiffs filed their Complaint on September 4, 2014. (ECF No. 1.) Defendant Delta Pharma filed its Answer on November 25, 2014. (ECF No. 8.) Also on November 25, 2014, Delta Pharma filed its Third-Party Complaint against Care Rite and John and/or Jane Does 1-4. (ECF No. 9.)

As a responsive pleading to the Third-Party Complaint, Care Rite filed the Motion to Dismiss before the Court on January 19, 2015. (ECF No. 15.) Delta Pharma filed a response on January 30, 2015. (ECF No. 21.) Care Rite filed a reply on February 12, 2015. (ECF No. 25.)

**II. Legal Standard**

Under Rule 12(b)(6), a court can dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for

relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> In assessing a complaint for failure to state a claim, [a court] must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ouwinga v. Benistar 419 Plan Servs., Inc., 694 F.3d 783, 790 (6th Cir. 2012) (second alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "This standard is not akin to a probability requirement, but it asks for more than a sheer possibility that defendant has acted unlawfully." Williams v. Duke Energy Int'l, 681 F.3d 788, 799 (6th Cir. 2012) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted).

The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (alteration in original) (citation omitted) (internal quotation marks omitted); see also Mik v. Fed. Home Loan Mortg. Corp., 743 F.3d 149, 157 (6th Cir. 2014) ("[A] complaint must contain 'more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action will not do.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007))). "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." El-Moussa v. Holder, 569 F.3d 250, 257 (6th Cir. 2009) (alteration in original) (internal quotation marks omitted).

**III. Analysis**

Care Rite argues that the Third-Party Complaint must be dismissed due to the absence of a certificate of good faith with the complaint as required by Tennessee law.[1] (ECF No. 15 at 7, 11.) The Court disagrees.

Because Tennessee law does not require a certificate of good faith when a party files a third-party complaint, the Court finds that Care Rite's argument fails. The plain language of Tenn. Code Ann. § 29-26-122 does not apply to third-party claims. Every reference to when a certificate of good faith is required -- or to when an action must be dismissed -- simply uses the word "complaint" without mentioning any other form of pleading. Tenn. Code Ann. § 29-26-122. The Tennessee

---

[1] Delta Pharma argues that Tenn. Code Ann. § 29-26-122 does not apply to Delta Pharma because this is not a "health care liability action." (See ECF No. 21.) Because the Court finds that a certificate of good faith need not be filed in this case even assuming this case is a health-care liability action, the Court declines to consider Delta Pharma's arguments.

4

legislature is capable of referencing other forms of pleadings, including counter claims, cross-claims, and third-party complaints when it wishes to do so.  See, e.g., § 28-1-114(a) ("A counterclaim or third party complaint or cross-claim is not barred by the applicable statute of limitations or any statutory limitation of time, however characterized, if it was not barred at the time the claims asserted in the complaint were interposed."); § 47-2A-506 ("A counterclaim or third-party complaint is not barred by the statute of limitations provided by this section if it was not barred at the time the claims asserted in the complaint were interposed."); § 66-11-126 ("[T]he owner or owners shall have the right to make the prime contractor or remote contractor a defendant by third-party complaint or cross-claim as is otherwise provided by law.")

It would be improper to read in a dispositive requirement to a third-party complaint that is not required by the plain language of the statute.  As Care Rite acknowledged during the Telephonic Scheduling Conference, no Tennessee court has ever applied § 29-26-122 to a third-party complaint.  "Federal courts should be extremely cautious about adopting substantive innovation in state law."  Berrington v. Wal-Mart Stores, Inc., 696 F.3d 604, 608 (6th Cir. 2012) (internal citations and quotation marks omitted).  Accordingly, the Court finds that a certificate of good faith need not be filed in this case.

**IV. CONCLUSION**

For the reasons stated above, Care Rite's Motion to Dismiss (ECF No. 15) is DENIED.

**IT IS SO ORDERED**, this 26th day of March, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE
